### Jane Marchal v. Maria J. Davis et al., Executors.

1. FORECLOSURE—*Solicitor's Fees.*—The court having considered the evidence are of the opinion that the decree was just and equitable and is fully sustained by the testimony taken before the master.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 28, 1903.

GEARON & GEARON, attorneys for appellant.

F. L. SALISBURY, attorney for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a decree entered in a proceeding to foreclose a trust deed executed by Lillie Wiltberger, to secure the payment of her note for $12,000 and interest, dated June 10, 1890, due five years after date, with interest at six per cent per annum, payable semi-annually. The bill alleges and the proofs show that June 10, 1895, payment of this note was extended for five years at the same rate of interest, payable semi-annually.

December 19, 1897, the management and collection of rents of the mortgaged premises were turned over to appellees' agent, under an agreement between the mortgagor and appellees as executors of the estate of John T. Davis, mortgagee. Appellees so remained in possession of said premises until the latter part of the year 1900, when appellant purchased the equity of Lillie Wiltberger, giving her therefor five acres of land in California, valued at about $1,000; default having been made in the payment of said indebtedness at the maturity of said extension, June 10, 1900, February 5, 1901, appellees filed a bill to foreclose the trust deed; appellant filed an answer and a cross-bill; replication having been filed, the cause was referred to a master to take proofs and report the same

together with his conclusions. The defense interposed by appellant was that appellees and their agent did not properly manage the property under their agreement with Lillie Wiltberger, and that excessive charges were made for repairs, and that appellant should have credit therefor on the indebtedness.

The master found that there was due appellees $14,877.91 for principal and interest, and further found that the allegations of appellant's answer and cross-bill were not sustained. The master also found that appellees were entitled to $446.31 as solicitor's fees, being three per cent of the amount found to be due; that such sum was a just, reasonable and usual fee.

The master recommended the usual decree of foreclosure and that the cross-bill be dismissed at appellant's cost.

In support of the bill filed by appellee, there was introduced in evidence before the master the trust deeds and notes secured by the mortgage; also the power of attorney made by Lillie Wiltberger and the agreement with her under which appellees entered into possession and management of said property, collected the rents and applied the net sum in their hands upon the mortgage indebtedness. There was also introduced a statement in writing of rents collected and expenditures made during the time appellees were under the agreement with Lillie Wiltberger in possession of and managing said property and collecting the rents thereof.

Appellant filed objections to the master's report, which were overruled, and thereafter filed exceptions, which were overruled, and a decree was entered upon the master's report in accordance with the findings and recommendations thereof.

Appellant has failed to include in the record any of the written documents produced in evidence heretofore referred to. This he should have done. The court in its decree gave leave to complainants to withdraw the original exhibits offered in evidence by them, to be produced at any time when required. Appellant might easily have obtained

the production of these writings, and included them, or copies thereof, in the record brought to this court.

Upon the hearing before the master, appellant produced as a witness Emillio A. Marchal, who testified that he acted as agent for J. Marchal in dealing with this property, and that he knew it was not possible to have expended what Zander & Co., appellees' agents, claims, during 1900 for repairs upon this property; that he knew this from his experience in handling this property since December, and other properties. He also testified that some of the repairs claimed were not done, and that he thought that if he examined all of the bills he could find others. He gave other testimony concerning repairs to the same effect. Substantially all of his testimony was based upon his opinion from an examination of the building and the experience he had in handling it and other properties.

Appellees showed by the testimony of a number of witnesses, that all the repairs for which charges were made had been done, that the amount by them charged was actually expended and put upon the building, and that the repairs were procured to be made with due diligence upon their part at the least obtainable cost. The testimony on behalf of appellees as to the making of repairs and the payment of the money set forth in the written statement by them introduced in evidence, was direct and positive, and concerning matters about which the witnesses had positive and direct knowledge, while the testimony of appellant's witness was almost entirely in the nature of opinions given by him as an expert in the care and management of property. The master reported that appellant's witness, Emillio A. Marchal, was contradicted flatly as to practically all of his material statements, in all instances by at least one witness, and in many instances by more than one witness. The evidence before the master fully justified his report and the decree entered by the court.

Appellant urges that appellees had no right to sue as executors. E. W. Zander, a witness for appellees, testified that he knew them; that they were the executors of the estate

of John T. Davis, deceased, and the owners and holders of the notes and trust deed in question. Appellant in the cross-bill filed by her, made appellees parties defendant thereto, and alleged that they are the executors of the estate of John T. Davis, deceased. The loan of the money to secure the payment of which the mortgage in question was made, was by them as executors.

We have thought best to consider this case upon the merits of the record presented by appellant, as the portion of the record before the court below, omitted from that submitted to this court, consists entirely of written documents introduced by appellees. We are of the opinion that the decree was just and equitable, and is fully sustained by the testimony taken before the master.

The decree of the Circuit Court is affirmed.